# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>          Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CORRECTIONS<br>AND REHABILITATION, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:11-cv–00648-LJO-BAM PC<br><br>ORDER REVOKING PLAINTIFF'S IN<br>FORMA PAUPERIS STATUS<br><br>(ECF Nos. 7, 8, 9)<br><br>FORTY-FIVE DAY DEADLINE |

  Plaintiff Brian E. Ransom is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 25, 2011. On June 28, 2011, Plaintiff filed a motion to proceed in forma pauperis, which was granted on June 30, 2011. On March 14, 2012, an order to show cause why Plaintiff's in forma pauperis status should not be revoked. On April 5, 2012, Plaintiff filed a response to the order to show cause and a declaration in support.

  28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff became subject to section 1915(g) on January 10, 2002, and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent

1  danger of serious physical injury.¹  Plaintiff does not dispute that he is subject to section 1915(g).

2   It is the alleged conditions at the time the complaint was filed that determine if Plaintiff meets the imminent danger and serious injury prongs of the exception. Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews, 493 F.3d at 1055. Plaintiff must allege an on-going danger in order to meet the imminency requirement. Id. at 1056. Additionally, the threat to plaintiff must be real and proximate, Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002), and the allegations need to be specific or credible, Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001).  In the complaint, Plaintiff alleges he has been subjected to a high cholesterol diet which has contributed to his high cholesterol and hypertension.  Plaintiff states that he has requested medication to lower his cholesterol to no avail. (Compl 6,² ECF No. 1.)  Plaintiff's complaint fails to state a plausible claim that he was in imminent danger of physical harm at the time that he filed this action.

   In the response to the order to show cause Plaintiff states that he is in imminent danger because he is being denied cholesterol lowering drugs and a low cholesterol diet.  Plaintiff states that he has a history of high cholesterol which requires cholesterol lowering drugs and a low cholesterol diet. (Haney Dec. 1-2, ECF No. 9.)  In support of his assertions, Plaintiff submits lab reports from 1998 and 2008.  While the lab report Plaintiff submits from 1998 does show that Plaintiff's cholesterol was elevated, the report dated June 10, 2008, almost four years ago, shows that Plaintiff's cholesterol is within the normal range. (Id. at 6.)  Although the report reflects that in 2008 Plaintiff's his cardiac risk factors placed him at above average risk, (id. at 7), this is insufficient to show that Plaintiff was in imminent danger of serious physical injury.  Plaintiff's lab reports indicate that

---

¹ The Court takes judicial notice of case numbers 96cv8204 RSWL (CT) Ransom v. Doe, et al. (C.D.Cal.) (dismissed 12/6/1996 for failure to state a claim); 96cv8203 MRP (CT) Ransom v. Chief Williams, et al.. (C.D.Cal.) (dismissed 12/10/1996 for failure to state a claim); and 01cv513 JM (JAH) Ransom v. Sandoval, et al. (S.D.Cal.) (dismissed 1/10/2002 for failure to state a claim).

² All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1 Plaintiff has not been prescribed cholesterol lowering medication because his cholesterol was within
2 the normal range.  While Plaintiff states that he has required cholesterol lowering drugs in the past,
3 that is not sufficient to show that he was in imminent danger of physical harm at the time that he
4 filed this action.

     Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status is REVOKED;
2. The order granting Plaintiff's application to proceed in forma pauper on June 30, 2011, is VACATED to the extent it permitted Plaintiff permission to pay the civil filing fee pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and (2);
4. Plaintiff must, within forty five (45) days from the date this order is filed, submit the entire $350 civil filing fee the Clerk of Court as required by 28 U.S.C. § 1914(a); and
5. If Plaintiff fails to do so, the Court will enter an Order dismissing this action.

IT IS SO ORDERED.

**Dated:   April 6, 2012**           /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE